# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> vs. <br><br> **KELLY LEE SETZER,** <br><br> *Defendant.* | **DOCKET NO. 5:24-CR-6 KDB** <br><br> **DEFENDANT'S SENTENCING MEMORANDUM** |

## Introduction

    This memorandum respectfully requests that the Court sentence defendant Kelly Lee Setzer to 180 months of imprisonment. Mr. Setzer has pleaded guilty to six counts involving child pornography offenses, including four counts of production under 18 USCS § 2251 and two counts under 18 USCS § 2252A. While the advisory Guidelines range calculates to life imprisonment, the statutory maximum sentences cap the imprisonment term at 1,920 months. However, the defense respectfully submits that a sentence of 180 months would be sufficient but not greater than necessary to accomplish the purposes of sentencing under 18 USCS § 3553.

## Statement of Facts

    Kelly Lee Setzer is a 64-year-old defendant who pleaded guilty on December 5, 2024, to all six counts in the indictment without a written plea agreement. The charges stem from his production of child pornography involving Minor Victim 1 on four separate occasions between

June 2021 and September 2023, when the victim was between 9 months and 3 years old. Mr. Setzer also transported child pornography on September 24, 2023, and possessed child pornography involving minors under age 12 from October 2020 through November 2023.

The investigation began when law enforcement received a tip from a cloud service computing company and executed a search warrant at Mr. Setzer's residence on November 3, 2023, recovering multiple electronic devices containing child sexual abuse material. Mr. Setzer was then arrested has not had the benefit of pretrial release. During his interrogation and presentence interview, Mr. Setzer provided a verbal statement accepting responsibility for his actions.

Several defense objections to the PSR remain outstanding (Docket #30). Mr. Setzer is also contesting the forfeiture of his house, which the government has filed a *lis pendens* against. Finally, the Court needs to decide the extent restitution is to be awarded to the victims in this case.

## **Legal Standards and Rules**

**Statutory Penalties**

For violations of 18 USCS § 2251 (production of child pornography), the statutory penalty is imprisonment for not less than 15 years nor more than 30 years per count. 18 USCS § 2251. For violations of 18 USCS § 2252A (transportation of child pornography), the penalty carries a mandatory minimum sentence of 5 years and a maximum sentence of 20 years. *United States v.*

*Olander*, 572 F.3d 764 (9th Cir. 2009). For violations of 18 USCS § 2252A (possession of child pornography involving minors under age 12), the maximum sentence is 20 years without a mandatory minimum. *Id*. The statutory minimum for all counts combined is 15 years.

**Sentencing Factors Under 18 USCS § 3553**

Courts must consider various factors when imposing sentence, including the defendant's history and characteristics. *United States v. Landrón-Class*, 696 F.3d 62 (1st Cir. 2012). A defendant's advanced age, health issues, and employment history are factual bases that can warrant a downward variance from the applicable guidelines range. *United States v. Chase*, 560 F.3d 828 (8th Cir. 2009). Additionally, a defendant's degree of remorse at sentencing may be considered as a basis for downward variance regardless of whether the defendant previously accepted responsibility. *United States v. Howe,* 543 F.3d 128 (3rd Cir. 2008).

Courts have discretion to consider a defendant's cooperation with the government as a mitigating factor under § 3553(a)(1), which broadly instructs sentencing courts to consider a defendant's history and characteristics. *United States v. Díaz-Lugo*, 963 F.3d 145 (1st Cir. 2020). This includes the history of cooperation and characteristics evidenced by cooperation. *Landrón-Class*, 696 F.3d at 62.

## Analysis

**Guidelines Calculation and Statutory Constraints**

The Presentence Investigation Report calculates Mr. Setzer's total offense level at the maximum level of 43 with a Criminal History Category of I, resulting in an advisory Guidelines range of life imprisonment. However, the statutorily authorized maximum sentences are less than the minimum of the applicable guideline range; therefore, the guideline term of imprisonment is capped at 1,920 months. This significant disparity between the Guidelines calculation and the statutory maximums provides the Court with substantial discretion in fashioning an appropriate sentence.

The Court is free to disagree with the Sentencing Guidelines, which are only advisory. *See United States v. Dorvee*, 604 F.3d 84 (2d Cir. 2010). In Mr. Setzer's case, the Guidelines produce an absurd result. Without a maximum offense level – the PSR would calculate the adjusted offense level at 53 (PSR Para. 118). This is 10 levels higher than the maximum of 43. The Guidelines in this case stack enhancement upon enhancement and are so high that they run counter to the statutory sentencing goals of 18 U.S.C.S. § 3353(a). The defense previously submitted objections to the PSR (Docket #30) that calculated the sentencing guidelines at 324-405 months of imprisonment. However, even that is an extraordinarily high sentencing range for Mr. Setzer's offenses.

**Acceptance of Responsibility and Remorse**

Mr. Setzer has demonstrated extraordinary acceptance of responsibility by pleading guilty to all charges *without* a written plea agreement and providing a verbal statement during the

presentence interview accepting responsibility for his actions. He will again accept responsibility during his allocution. Courts may consider a defendant's degree of remorse at sentencing as a basis for downward variance under § 3553(a) regardless of whether the defendant previously accepted responsibility. *Howe*, 543 F.3d 128. Mr. Setzer's willingness to accept responsibility here without the benefit of a negotiated plea agreement demonstrates genuine remorse and acceptance of accountability.

Mr. Setzer saved the Court, the prosecution, and the victims the time, expense and stress of a needless trial. When he pleaded, he knew that the sentencing guidelines would not account for his acceptance of responsibility in any meaningful way. There was no benefit to him to plead guilty under the guidelines. However, he still pled guilty to all counts and spared everybody what would have no doubt been a long and painful trial.

Mr. Setzer promptly and completely admitted what he had done knowing that he could likely spend the rest of his life in custody. He did not create more issues or stress for his victims. His acceptance of responsibility was extraordinary, and he asks that the court take it into consideration when he is sentenced.

**Mr. Setzer's Personal Characteristics**

At 64 years old, Mr. Setzer's advanced age is a factor that warrants consideration for a downward variance. *Chase*, 560 F.3d 828. Advanced age can be a factual basis for departing from the applicable guidelines range without running afoul of the statutory factors under §

3553(a) *Id.* Mr. Setzer has zero criminal history points, establishing a Criminal History Category of I. While this lack of criminal history is already accounted for in the Guidelines calculation, it can nevertheless form the basis for a variance. *Id.*

Mr. Setzer has no biological children and has spent his whole life working as a restaurant worker and manager. In the PSR, his mother calls him a workaholic. Since he has been in custody, his father died and he was not able to attend the funeral. Mr. Setzer has never complained about the conditions of his pretrial custody, even though he has been moved several times. He has sought to improve his life even though his options are limited. He has read the bible several times during the months he has spent behind bars and maintains an optimistic outlook. He only blames himself for his actions and poor choices.

Mr. Setzer clearly has been accepting of his fate since his arrest and has shown remorse for his actions. He knows that he can not take his actions back but begs forgiveness from the victims and the Court.

**Proportionality and the Purposes of Sentencing**

A sentence of 180 months (15 years) would ensure that Mr. Setzer, now 64 years old, would serve until approximately age 80, effectively constituting a life sentence given his advanced age. This lengthy period of incarceration would satisfy the need for just punishment, deterrence, and protection of the public while avoiding the harshness of the full statutory maximum sentences that would total 160 years if imposed consecutively.

Notably, while Mr. Setzer produced child pornography, he did not distribute it. There is no risk to MV-1 or MV-2 that images of them will surface later on the Internet. The images were wholly contained on Mr. Setzer's devices and accounts. This is different from the vast majority of cases that are sentenced under Guideline 2G2.1. Mr. Setzer did not get a +2 enhancement under § 2G2.1(b)(3). However, the guidelines only differentiate 2-levels between a defendant who distributes child pornography to the world vs. one who does not. For such high guidelines, this is a minimal increase considering how distribution can adversely affect the victims throughout their lives.

As a convicted sex offender, Mr. Setzer would not be able for any First Step Act credits so he would serve his whole sentence, minus any good time that he receives in the Bureau of Prisons. He asks for a sentence of 180 months in part so that he would likely be eligible for a lower security placement in the BOP. It is anticipated that a sentence of 180 months would allow the BOP to designate him to such a facility. A sentence above 180 months would run the risk of him being designated to a higher-level, more dangerous facility. Mr. Setzer is not a violent person and service at a high-security facility or penitentiary would be excessive and unwarranted.

If Mr. Setzer were to finish his sentence, he likely would be in his 80s when he is released. The BOP would screen him to make sure he should not be civilly committed as a dangerous sex offender. He would be subject to the strict sex offender supervised release conditions even though he would be at an advanced age. As he ages, the BOP would also have to expend more and more money to care for him and he would likely end up in a BOP hospital toward the end of

his life. This would be an added expense that taxpayers would have to shoulder many years after his offense.

Attached, please find a declaration from Paul Gibson, a retired BOP legal advisor. The declaration provides an insight to the harsh conditions Mr. Setzer is likely to face in custody and includes a recommendation to the Court that he be placed at FCI Petersburg or FCI Elkton, which have sex-offender treatment programs.

The requested sentence recognizes the severity of Mr. Setzer's crimes while accounting for his acceptance of responsibility, advanced age, and lack of prior criminal history. Courts have recognized that sentences well below the guidelines range can still accomplish the purposes of sentencing, particularly when substantial downward variances are supported by appropriate § 3553(a) factors. *Jiménez*, 946 F.3d 8.

**Avoiding Unwarranted Disparities**

The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct is a key consideration under § 3553(a) 18 USCS § 3553. A sentence of 180 months would be substantial and proportionate to the gravity of the offenses while recognizing the mitigating factors present in this case.

Courts have repeatedly found that the guidelines for child pornography offenses are unreasonably high. Mr. Setzer is a case in point. The PSR finds that he should serve 1,920

months of imprisonment, or 160 years. The enhancements are stacked so high they blow through the ceiling of the guidelines. Setzer is not a terrorist or a mass murderer deserving of a 160-year sentence. He committed a crime that impacted several victims, and he takes responsibility for that. However, he requests that the Court consider the offenses and not just the extraordinarily high guidelines that they produced.

Regarding sentencing disparities, the Court should consider again that Mr. Setzer did not produce child pornography for distribution. A 180-month sentence also is not inappropriate in light of the recent case of *U.S. v. Ghislaine Maxwell,* 118 F.4th 256 (2d Cir. 2024). In that well-publicized case, Ms. Maxwell procured many underaged girls for Jeffrey Epstein over a decade and multiple locations as a supervisor. She continues to deny her responsibility even after being found guilty at trial and losing her appeal. Maxwell was sentenced to 20 years of confinement.[1]

## Conclusion

For the foregoing reasons, the defense respectfully requests that the Court sentence Mr. Setzer to 180 months imprisonment. This sentence would be sufficient but not greater than necessary to accomplish the purposes of sentencing under 18 USCS § 3553, taking into account Mr. Setzer's acceptance of responsibility, advanced age, lack of criminal history, and the substantial period of incarceration that would result. Such a sentence would provide just punishment, adequate deterrence, and protection of the public while avoiding disparities and the excessive harshness of the maximum statutory penalties.

---

[1] See https://www.justice.gov/usao-sdny/pr/ghislaine-maxwell-sentenced-20-years-prison-conspiring-jeffrey-epstein-sexually-abuse

Respectfully submitted:

s/ Steven Slawinski
Steven Slawinski
NC Bar # 38956
Federal Defender's Office of Western North Carolina
129 West Trade Street, Suite 300
Charlotte, NC 28202
(704) 374-0720
(704) 374-0722 Fax
Steven_slawinski@fd.org



DATE: September 23, 2025