# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION

| | |
|---|---|
| UNITED STATES | ) <br> ) <br> ) <br> ) |
| v. | )     Criminal No. 5:24CR6-KDB <br> ) <br> ) <br> ) |
| KELLY LEE SETZER | ) <br> ) |

## RESPONSE TO GOVERNMENT'S MOTION TO AMEND JUDGMENT

Comes now Kelly Lee Setzer, defendant, by and through counsel, Steven Slawinski, requesting that the Court deny the government's motion to amend the judgment because the requested relief exceeds the scope of Federal Rule of Criminal Procedure 36 and fails to comply with the procedural requirements for modifying criminal sentences that are final.

### The Requested Amendment Constitutes a Substantive Alteration, Not a Clerical Error Correctable Under Rule 36

Federal Rule of Criminal Procedure 36 permits courts to correct only "clerical errors" in judgments, not substantive alterations to criminal sentences. Rule 36 "covers only minor, uncontroversial errors" and cannot be used to make substantive alterations to criminal sentences. *United States v. Portillo*, 363 F.3d 1161 (11th Cir. 2004). The rule allows correction of errors arising from "oversight or omission," but only when such corrections do not fundamentally alter the defendant's sentence. *Id*.

Federal Rule of Criminal Procedure 36 is limited to the correction of purely clerical errors and does not extend to judicial or substantive errors. *United States v. Vanderhorst*, 927 F.3d 824, 828 (4th Cir. 2019) (applying Rule 36 exclusively to clerical errors, not substantive errors); *see also United States v. Werber*, 51 F.3d 342, 347 (2d Cir. 2003) ("Rule 36 is not a vehicle for the vindication of the court's unexpressed sentencing expectations, or for the correction of errors made by the court itself.")

The government's request here to add two entirely new victims and increase restitution by $13,000 constitutes a substantive modification, not a clerical correction. Courts have

consistently held that Rule 36 cannot be used to remedy oversights or omissions by the district court, rather than mere clerical mistakes. FRCP 36.

While the federal rules do not expressly define "clerical error," the Fourth Circuit has held that "[a] clerical error subject to correction under Rule 36 must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." *United States v. Scott*, 478 F. App'x 789, 790 (4th Cir. 2012) (citations and internal quotations omitted); *see also United States v. Spears*, 432 F. App'x 242, 243-44 (4th Cir. 2011) (clerical error when written judgment said defendant was convicted under one statute, but court had orally imposed sentence under another statute); *United States v. Ensminger*, 193 F. App'x 198, 199 (4th Cir. 2006) (clerical error when written judgment said that defendant had been sentenced to 77 months in prison, but court had orally imposed 83-month sentence); *United States v. Toney*, 22 F. App'x 106, 107 (4th Cir. 2001) (clerical error when written judgment said sentences would run concurrently, but court had orally imposed consecutive sentences); *United States v. James*, 105 F.3d 649, 1997 WL 8392, at *1 (4th Cir. 1997) (clerical error when written judgment said defendant was sentenced to concurrent prison terms of 46 months, but court had orally sentenced defendant to one 40-month term to run concurrently with a 4-month term). *Randall v. United States*, 2022 U.S. Dist. LEXIS 222250, *7-8, 2022 WL 17543014.

The government's characterization of omitting two victims and increasing the restitution by thousands of dollars as a "clerical error" is incorrect. The omission of victims from a restitution order represents a substantive sentencing decision, not a transcription error between oral and written judgments. Unlike cases where Rule 36 properly applies to conform written judgments to oral sentences, here the government seeks to add victims and amounts that were never part of the original sentencing proceeding on September 30, 2025.

### Section 3664(d)(5) Does Not Apply to Government Omissions

The government's alternative argument under 18 U.S.C. § 3664(d)(5) fails because this provision addresses *subsequently* discovered victim losses, not government oversights in identifying known victims. Section 3664(d)(5) provides that "if the victim subsequently discovers further losses, the victim shall have 60 days after discovery of those losses in which to petition the court for an amended restitution order." 18 USCS § 3664.

The statute contemplates situations where victims discover additional losses after sentencing, requiring a showing of "good cause for the failure to include such losses in the initial claim for restitutionary relief." 18 USCS § 3664. The government's admission that it inadvertently omitted known victims from its motion does not constitute subsequently discovered losses by victims, but rather prosecutorial omission.

**The Defendant's Due Process Rights Are Compromised**

The government's motion prejudices the defendant's substantial rights by attempting to modify his sentence without proper procedural safeguards, such as consultation with counsel. Undersigned has not been able to speak with Setzer since the government's motion has been filed, as he has been transported to an undisclosed jail out of state by the U.S. Marshals.[1] This procedural deficiency violates fundamental due process principles requiring defendants to have meaningful opportunity to respond to proposed sentence modifications.

Furthermore, the timing of this motion—filed merely three days after sentencing—also suggests government oversight rather than a genuine clerical error. The government's inability to identify all victims before sentencing (which occurred 300 days after the plea) should not be remedied through post-judgment amendments that circumvent established procedural protections.

**Conclusion**

The government's motion seeks a substantive modification of the defendant's sentence that exceeds the narrow scope of Rule 36. The motion should be denied in order to preserve the integrity of criminal sentencing procedures and protect the defendant's due process rights.

Respectfully submitted:

s/Steven Slawinski
Steven Slawinski
N.C. Bar No. 38956
Assistant Federal Public Defender
Western District of North Carolina
129 West Trade Street, Suite 300
Charlotte, NC 28202
(704) 374-0720
(704) 374-0722 Fax
Steven_slawinski@fd.org
Attorney for KELLY LEE SETZER

Date: October 10, 2025

---

[1] A videoconference arranged on October 9, 2025, was not able to take place as Setzer had been moved from the McDowell County, NC Jail and it was unclear where he had been moved to as of this writing. It is guessed that he has been moved to a jail in Kentucky as of this writing, but that is unclear.