# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION
### CRIMINAL ACTION NO. 5:24-CR-00006-KDB-SCR

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **ORDER** |
| KELLY LEE SETZER, | |
| Defendant. | |

**THIS MATTER** is before the Court on the Government's Motion for Final Order of Forfeiture of Property (Doc. No. 61). Pursuant to Federal Rule of Criminal Procedure 32.2(c)(2), the Government requests a Final Order and Judgment confirming forfeiture of the real property at 5093 Mark Drive Northeast, Hickory, North Carolina ("the Hickory Property"); as well as one HP 15-DW0082WM laptop computer, SN: CND15167BC; one Emtec thumb drive, SN: 079C1B09E4656026; and one HP 15-DY1031WM laptop computer, SN: 5CD0238L1I (collectively, "the Electronic Devices"); as identified in the Government's earlier Motion for Preliminary Order of Forfeiture (Doc. No. 29). For good cause shown and based on the record and law identified herein, the Court will **GRANT** the Motion and finds as follows:

On February 21, 2024, a Grand Jury returned a Bill of Indictment (Doc. No. 1) against Defendant charging him with production of child pornography, transportation of child pornography, and possession and access with intent to view child pornography. The Indictment contained a "Notice of Forfeiture and Finding of Probable Cause" whereby the Grand Jury found probable cause that any property, real or personal, used or intended to be used to commit or promote the violations are subject to forfeiture. The Electronic Devices were listed in the Indictment as subject to forfeiture based on those grounds.

1

On July 25, 2024, the United States filed a First Bill of Particulars for Forfeiture (Doc. No. 21), which gave notice that the United States sought forfeiture of the Hickory Property on one or more of the grounds stated in the notice of forfeiture in the Bill of Indictment (Doc. No. 1).

On December 5, 2024, Defendant pled guilty, straight up, to the Bill of Indictment. On March 6, 2025, the United States filed a Motion for Preliminary Order of Forfeiture (Doc. No. 29) seeking forfeiture of the Hickory Property and the Electronic Devices. At the sentencing hearing on September 30, 2025, the Government moved for forfeiture of the Hickory Property. (Doc. No. 55). Defendant did not oppose forfeiture, aside from requesting permission to sell the property himself so that proceeds could be applied toward victim restitution. (*Id.*). The Court denied that request and ordered the Hickory Property to be forfeited to the Government. (*Id.*).

From October 10, 2025, through November 8, 2025, the United States published, via www.forfeiture.gov, notice of this preliminary forfeiture and of the intent of the Government to dispose of the forfeited property according to law, and further notice to all third parties of their rights to petition the Court within sixty days from October 10, 2025, for a hearing to adjudicate the validity of any alleged legal interest in the property. (Doc. No. 56). In addition, on October 24, 29, and 30, 2025, the United States sent direct notice, via FedEx or Certified Mail, to all of the persons and entities that the Government identified as reasonably appearing to be potential claimants for purposes of Rule 32.2(b)(6)(A). These entities included Branch Banking and Trust Company; Mortgage Electronic Registration Systems, Inc.; Citibank, N.A.; Truist Bank; Jody Sims; and Chloe Nicolette Lail (Cook). (Doc. No. 56). The notice advised the parties of the Government's intent to dispose of the forfeited property in accordance with the law and the right to submit a verified petition to this Court within thirty days of receipt of the notice.

On February 12, 2026, on Motion (Doc. No. 58) of the Government, this Court issued a Consent Order Third Party Petition adjudicating petitioner Truist Bank's interest in the Hickory Property. (Doc. No. 60).

The time for filing petitions has expired and no petitioners, other than Truist Bank, have filed petitions for the Hickory Residence. Further, no petitioners have filed petitions for the interest in the Electronic Devices.

Pursuant to Rule 32.2(c)(2), "[w]hen the ancillary proceeding ends, the court must enter a final order of forfeiture by amending the preliminary order as necessary to account for any third-party rights." Other than Truist Bank, no individuals or entities have filed petitions and the time for doing so has expired. Therefore, the Court will **GRANT** the Final Order and give the Government clear title to the property for disposition in accordance with law.

**NOW THEREFORE IT IS ORDERED THAT:**

In accordance with Rule 32.2(c)(2), the forfeiture is confirmed as final as to the following property:

1. Real property located at 5039 Mark Drive Northeast, Hickory, North Carolina, which is more particularly described in a deed recorded at Book 3075, Pages 699-700, in the Catawba County Public Registry;

2. HP 15-DW0082WM laptop computer, SN: CND15167BC;

3. Emtec thumb drive, SN: 079C1B09E4656026; and

4. HP 15-DY1031WM laptop computer, SN: 5CD0238L1I.

All right, title, and interest in the property, whether real, personal, or mixed, has therefore been forfeited to the United States for disposition according to law, subject to the Consent Order for Third Party Petition adjudicating Truist Bank's interest, and the Government is authorized to convey clear title to the Hickory Property.

**SO ORDERED.**

Signed: March 19, 2026

Kenneth D. Bell
United States District Judge

4